**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Tamar Bryant, Appellant.

Appellate Case No. 2013-000671

_____

Appeal From Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2014-UP-440
Submitted October 1, 2014 – Filed December 3, 2014

_____

**AFFIRMED**

_____

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Burgess*, 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) ("The question of whether to order a competency examination falls within the discretion of the trial [court,] whose decision will not be overturned on appeal absent a clear showing of an abuse of that discretion."); *id.* ("By statute, the question of whether a defendant is fit to stand trial depends upon whether the defendant, because of a lack of mental capacity, cannot 'understand the proceedings' or 'assist in his [or her] own defense.'" (quoting S.C. Code Ann. § 44-23-410 (2002)); *id.* ("Factors to be considered in determining whether further inquiry into a defendant's fitness to stand trial is warranted include [1] evidence of his or her irrational behavior, [2] his or her demeanor at trial, and [3] any prior medical opinion on his or her competence to stand trial. In some circumstances, the presence of just one of these factors may justify a trial court's ordering a further inquiry into a defendant's competency to undergo trial." (footnote omitted)); *id.* at 575-76, 590 S.E.2d at 44 (finding no abuse of discretion in trial court's denial of request for competency hearing where defendant's demeanor during the pre-trial motion was "very appropriate"; defendant had not been previously adjudicated incompetent to stand trial; and defendant "understood the proceedings, the roles of the various participants, and the charges leveled against her"); *State v. Colden*, 372 S.C. 428, 441-42, 641 S.E.2d 912, 920 (Ct. App. 2007) (finding no abuse of discretion in trial court's denial of request for competency hearing where, despite defense counsel's difficulty discussing matters with defendant, defendant had an appropriate demeanor during trial and understood the proceedings, the role of the participants, and the charges leveled against him and had no difficulty conversing effectively).

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.